[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON THE DEFENDANTS' MOTION TO STRIKE
This is an action seeking damages against the defendants for injuries sustained by the plaintiff arising from an automobile accident. The complaint alleges that the defendant, Chad Switzer, operated the motor vehicle in question as the employee and agent of the defendant Gainey Transportation Services. The first count of the complaint is based on negligence and seeks compensatory damages. The second count seeks common law punitive damages and the third count seeks double or triple damages under Section 14-295 of the General Statutes.
The defendants move to strike the second and third counts of the complaint. The motion seeks to strike the second count of the complaint as to the defendant Gainey Transportation Services on the ground that punitive damages cannot be imposed on this defendant through vicarious liability. The motion seeks to strike the third count of the complaint because it fails to assert sufficient facts to assert a claim under General Statutes § 14-295. Additionally, as to the defendant Gainey Transportation Services, the motion seeks to strike the third count of the complaint on the ground that multiple damages under § 14-295
cannot be imposed on this defendant based on a theory of vicarious liability. The court issues the following rulings on the motion to strike: CT Page 12955
1. The motion to strike the Second Count of the complaint as to the defendant Gainey Transportation Services is granted as the court agrees with the defendant that common law punitive damages cannot be imposed on an employer based on any theory of vicarious liability, the court adopting and following the reasoning of Jennings v. Vega, Superior Court, judicial district of Stamford/Norwalk at Stamford, No. CV 99 0174082 (D'Andrea, J., Nov. 20, 2000).
2. The motion to strike the Third Count of the complaint on the ground that the complaint fails to assert sufficient facts to assert a claim under General Statute § 14-295 is denied, the court adopting and following the reasoning of Lombard v. Booth, Superior Court, judicial district of Fairfield/Bridgeport at Bridgeport, No. CV 01 0383637 (Stevens, J., July 12, 2001).
3. The motion to strike the Third Count of the complaint as to the defendant Gainey Transportation Services on the ground that multiple damages under § 14-295 cannot be imposed on this defendant based on a theory of vicarious liability pursuant to § 52-183 of the General Statutes is denied, the court adopting and following the reasoning ofSantillo v. Arrendono, Superior Court, judicial district of New Haven, No. CV 442323 (Blue, J. March 21, 2001) and Jennings v. Vega, Superior Court, judicial district of Stamford/Norwalk at Stamford, No. CV 99 0174082 (D'Andrea, J., Nov. 20, 2000).
Therefore, the motion to strike the Second Count of the complaint isgranted as to the defendant Gainey Transportation Services only and the motion is denied in all other respects.
So ordered this 12th day of September 2001.
Stevens, J.